Ms. Judy Besancon Office Administrator Arkansas Department of Health and Human Services Post Office Box 1437, Slot S260 Little Rock, AR 72203-1437
Dear Ms. Besancon:
I am writing in response to your request for an opinion on whether there is a conflict between the Arkansas Freedom of Information Act ("FOIA," A.C.A. § 25-19-101 et seq.) as it relates to the disclosure of a personnel record (id. at -105(b)(12)), and two other laws — the Child Maltreatment Act as it relates to the investigation and release of child maltreatment information (A.C.A. § 12-12-506), and the Juvenile Code as it pertains to the process whereby a child is determined to be dependent-neglected (A.C.A. § 9-27-352). You state that the Department of Health and Human Services' ("DHHS") interpretation is that there is no conflict and that it is clear the Child Maltreatment Act and the Juvenile Code do not allow disclosure of confidential information pursuant to the FOIA.
RESPONSE
I must respectfully decline to respond to your request for an opinion. Although I have a general duty to issue formal opinions pursuant to A.C.A. § 25-16-706 concerning issues of state statutory and constitutional law, that advisory function encompasses issuing opinions only to certain enumerated government officials. Subsection 25-16-706 provides in pertinent part:
 (a)(1) Upon request, the Attorney General without fee or reward shall give his or her opinion to the Governor and to the heads of the executive departments of this state upon any constitutional or other legal question that may concern the official action of those officers.
 (2) When requested, he or she shall give his or her opinion to the prosecuting attorney of any district upon any legal question that concerns the financial interests of the state or any county and upon any question connected with the administration of the criminal laws of the state.
 (3) When requested, he or she shall also give his or her opinion to either house of the General Assembly and any member thereof upon the constitutionality of any proposed bill and to all state boards and commissions upon any question connected with the discharge of the duties of those boards and commissions.
 (b) The Attorney General is required to furnish to county boards of election commissioners an official opinion upon any inquiry submitted to him or her concerning the provisions of the election laws of this state.
A.C.A. § 25-16-706 (Repl. 2002) (emphasis added).
Your request for an advisory opinion does not fall within this charge.[1] I am constrained to respond only to such requests from state executive officers and legislators in accordance with the above statutory mandate.
Sincerely,
MIKE BEEBE Attorney General
[1] I should note that I have previously addressed your request for my opinion concerning DHHS's decision to withhold certain personnel or evaluation records in response to a FOIA request involving a terminated employee. Op. Att'y Gen. 2006-171. That opinion was issued pursuant to A.C.A. § 25-19-105(c)(3)(B), the provision in the FOIA that charges me with the specific duty to review the custodian's decision as to whether personnel or evaluation records are exempt under the relevant tests in the FOIA for the disclosure of such records. I was unable to offer a conclusive opinion, although I noted that it appeared one of the conditions for the release of evaluation/job performance records had not been met. I mention this opinion to clarify the limited scope of Attorney General opinions issued under subsection25-19-105(c)(3)(B), and to further explain why I am unable to respond to your current request, which is covered by neither subsection 25-19-105(c)(3)(B) nor A.C.A. § 25-16-706 (advisory opinions to enumerated officials).